IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GLEN W. MERRELL<br>    TDCJ-CID NO. 1624924 | §<br>§<br>§ | |
| v. | § | C.A. NO. C-10-213 |
| | § | |
| RICK THALER[1] | § | |

**ORDER OF TRANSFER**

This is a habeas action filed by a state prisoner pursuant to 28 U.S.C. § 2254. He is being held at the Texas Department of Criminal Justice, Correctional Institutions Division's Garza East Unit, which is located in Beeville, Texas.

Petitioner is challenging his conviction in the 182nd Judicial District Court in Harris County, Texas for a second offense of assault against a family member. (D.E. 1, at 3). In Ground One, he claims that the evidence presented was legally insufficient to convict him of a second assault of a family member. Id. at 7. In Ground Two, he claims that the trial court erred by finding that his guilty plea was voluntary when he testified that he did not assault the complainant. Id. In Ground Three, he claims that his rights were violated because the complainant never filed any formal charges. Id. In Ground Four, he alleges that the guilty plea was made under duress and that his trial counsel was ineffective. Id. at 8.

---

[1] As Director of the Texas Department of Criminal Justice - Correctional Institutions Division, Rick Thaler is the proper respondent in this habeas action. Braden v. 30th Judicial Cir. Ct of Ky., 410 U.S. 484, 494-95 (1973) (citing Wales v. Whitney, 114 U.S. 564, 574 (1885)); Mounce v. Knighten, 503 F.2d 967, 969 (5th Cir. 1974) (per curiam); West v. Louisiana, 478 F.2d 1026, 1029 n.1 (5th Cir. 1973) (citing Wales); see also Rule 2(a) of the Rules Governing Section 2254 Cases ("If the petitioner is currently in custody under a state court judgment, the petition must name as respondent the state officer who has custody.")

A habeas action may be filed either in the district where petitioner is in custody, or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); Wadsworth v. Johnson, 235 F.3d 959, 960-61 (5th Cir. 2000). Within the context of § 2241(d), courts have traditionally held that the most appropriate venue for challenges to the legality of a conviction is in the district court for the district where the State conviction and sentence occurred, while challenges to the implementation of the sentence, such as prison disciplinary matters, should be considered in the district court for the district where such person is in custody. Story v. Collins, 920 F.2d 1247, 1250-51 (5th Cir. 1991). The Fifth Circuit explained the basis for choice of venue as follows:

> Under 28 U.S.C. § 2241(d), state convicts may file federal habeas corpus petitions in the district where they are confined or where they were convicted. The purpose of this, of course, is to provide a more convenient forum for witnesses.... Section 2241(d) militates in favor of filing the applicant's petition in ... the division where the witnesses are located, rather than in ... the division in which the applicant is confined.

Mitchell v. Henderson, 432 F.2d 435, 436 (5th Cir. 1970) (citation omitted).

Petitioner was convicted on August 13, 2008 in the 182nd Judicial District Court in Harris County, Texas, (D.E. 1, at 2), which is located in the Houston Division of the Southern District of Texas. See 28 U.S.C. § 124(b)(2). A district court for the district wherein an application for habeas corpus has been filed may, in its discretion and in the furtherance of justice, transfer the petition to a more appropriate district or division for disposition. See 28 U.S.C. § 1404(a). Should an evidentiary hearing ever be necessary in this case, the evidence and any witnesses concerning the petitioner's criminal proceedings are more likely to be found in the county where his conviction was entered.

Accordingly, it is ordered that the Clerk of the Court TRANSFER this action to the United States District Court for the Southern District of Texas, Houston Division.

SIGNED and ORDERED this 16th day of August, 2010.

                                              Janis Graham Jack
                                              United States District Judge